**YU | MOHANDESI LLP**

**B. Ben Mohandesi (SBN 214921)**
213.377.5505 | bmohandesi@yumollp.com
**Kristel A. Robinson (SBN 212129)**
213.374.1272 | krobinson@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Resurgent Capital Services LP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., | Case No.: 2:24-cv-10356-ODW-SK |
| Plaintiff, | **DEFENDANT RESURGENT CAPITAL SERVICES LP'S ANSWER TO COMPLAINT** |
| vs. | |
| RESURGENT CAPITAL SERVICES L.P., | |
| Defendant. | |

Defendant Resurgent Capital Services LP ("Defendant"), for itself and no other party, by and through its undersigned counsel, hereby states its answer and affirmative defenses to the Complaint ("Complaint") of Plaintiff "Artis-Ray: Cash Jr." ("Plaintiff") as set forth below. For those allegations that do not pertain to Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

## INTRODUCTION[1]

1. Answering Paragraph 1, Defendant admits only that Plaintiff's Complaint attempts to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Defendant denies any express or implied allegation of wrongdoing and specifically denies violating the FCRA or any other statute, and specifically denies any allegation that Defendant caused Plaintiff to suffer damages.

## JURISDICTION AND VENUE

2. Answering Paragraph 2, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

3. Answering Paragraph 3, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

4. Answering Paragraph 4, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

## PARTIES

5. Answering Paragraph 5, Defendant admits only that Plaintiff is a natural person. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should be considered denied.

— 1 —
DEFENDANT RESURGENT CAPITAL SERVICES LP'S ANSWER TO FIRST AMENDED COMPLAINT

the extent they misstate the law.

6. Answering Paragraph 6, Defendant admits only that its agent for service of process in South Carolina is Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. Defendant denies the remaining allegations.

7. Answering Paragraph 7, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

8. Answering Paragraph 8, Defendant states that it answers only on its own behalf, and not on behalf of any "owners, officers, agents, and/or employees.

## FACTS

9. Answering Paragraph 9, the allegations do not pertain to Defendant, and thus, no response is required.

10. Answering Paragraph 10, Defendant denies the allegations as they pertain to Defendant.

11. Answering Paragraph 11, Defendant denies the allegations.

12. Answering Paragraph 12, Defendant admits only that Plaintiff did not "initiate[] any consumer credit transaction, account relationship, or contract" directly with Defendant. Defendant denies the remaining allegations, and denies any implication of wrongdoing.

13. Answering Paragraph 13, Defendant denies the allegations.

14. Answering Paragraph 14, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

15. Answering Paragraph 15, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

16. Answering Paragraph 16, Defendant denies the allegations.

17. Answering Paragraph 17, Defendant denies the allegations.

**PLAINTIFF'S DAMAGES**

18. Answering Paragraph 18, Defendant denies the allegations.

19. Answering Paragraph 19, Defendant denies the allegations.

20. Answering Paragraph 20, Defendant denies the allegations.

21. Answering Paragraph 21, Defendant denies the allegations.

22. Answering Paragraph 22, Defendant denies the allegations.

23. Answering Paragraph 23, Defendant denies the allegations.

24. Answering Paragraph 24, Defendant denies the allegations.

25. Answering Paragraph 25, Defendant denies the allegations.

26. Answering Paragraph 26, Defendant denies the allegations.

27. Answering Paragraph 27, Defendant denies the allegations.

28. Answering Paragraph 28, Defendant denies the allegations.

**COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b(f) DEFENDANT RESERGENT[sic] CAPITAL SERVICES, L.P.**

29. Answering Paragraph 29, Defendant incorporates by reference all preceding answering paragraphs, as if fully set forth herein.

30. Answering Paragraph 30, Defendant denies that any "violation" occurred. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

31. Answering Paragraph 31, Defendant denies the allegations.

32. Answering Paragraph 32 and each of its subparagraphs, Defendant denies the allegations.

33. Answering Paragraph 33, Defendant denies the allegations.

34. Answering Paragraph 34, Defendant denies the allegations.

35. Answering Paragraph 35, Defendant denies the allegations.

## COUNT II-VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692E(10) DEFENDANT RESERGENT[sic] CAPITAL SERVICES, L.P.

36. Answering Paragraph 36, Defendant incorporates by reference all preceding answering paragraphs, as if fully set forth herein.

37. Answering Paragraph 37, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

38. Answering Paragraph 38, Defendant denies the allegations.

39. Answering Paragraph 39, Defendant denies the allegations.

40. Answering Paragraph 40, Defendant denies the allegations.

## PRAYER FOR RELIEF

41. Answering Paragraph 41 and each of its subparts, Defendant denies that Plaintiff is entitled to the requested relief, or any other relief whatsoever.

Answering the unnumbered paragraph following Paragraph 41, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief can be granted against Defendant. For example, among other things, there is no private right of action for the claims alleged under the FCRA.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, res judicata, waiver, unclean hands, laches, or other

equitable doctrines.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendant's conduct was privileged or justified.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff did not suffer harm.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, intervening acts, omissions, activities, carelessness, recklessness, negligence, or

intentional misconduct of others, and not by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

12. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claim for punitive damages is improper to the extent it violates the due process protections afforded by the Fifth and Fourteenth Amendments of the United States Constitution and standards set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991).

## RESERVATION OF RIGHTS

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by way of the Complaint;
2. For costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: March 12, 2025        YU | MOHANDESI LLP

By:   */s/ B. Ben Mohandesi*
      B. Ben Mohandesi
      Kristel A. Robinson
      Attorneys for Defendant
      Resurgent Capital Services LP

# **CERTIFICATE OF SERVICE**

I certify that on March 12, 2025, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: March 12, 2025           By */s/ B. Ben Mohandesi*
                                                       B. Ben Mohandesi