YU | MOHANDESI LLP

**B. Ben Mohandesi (SBN 214921)**
213.377.5505 | bmohandesi@yumollp.com
**Lisa M. Lawrence (SBN 240375)**
213.377.5504 | llawrence@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Resurgent Capital Services LP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH JR., <br><br> Plaintiff, <br><br> vs. <br><br> RESURGENT CAPITAL SERVICES L.P., <br><br> Defendant. | Case No.: 2:24-cv-10356-ODW-SK <br><br> **DEFENDANT RESURGENT CAPITAL SERVICES LP'S <u>AMENDED</u> NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) AND 28 U.S.C. § 1915(e)(2)(A)** <br><br> <u>Hearing</u> <br> Date: August 25, 2025 <br> Time: 1:30 p.m. <br> Crtrm.: 5D |

**TO THE COURT AND *PRO SE* PLAINTIFF:**

**PLEASE TAKE NOTICE** that on August 25, 2025 at 1:30 p.m., or as soon as may be heard thereafter, in Courtroom 5D of the First Street Courthouse, located at 350 W. 1st Street, Los Angeles, CA. 90012, the Honorable Otis D. Wright II presiding, Defendant Resurgent Capital Services LP ("Defendant") will, and hereby does, move for an order dismissing Plaintiff Artis-Ray Cash Jr.'s ("Plaintiff") Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's Complaint fails as a matter of law for two reasons. First, pulling Plaintiff's credit report in connection with debt collection does not violate the Fair Credit Reporting Act ("FCRA") or the Fair Debt Collection Practices Act ("FDCPA") as a matter of law. Second, Plaintiff is a serial *pro se* litigant who failed to disclose prior settlements on his application to proceed *in forma pauperis*. Accordingly, Plaintiff's Complaint should be dismissed with prejudice on these two independent bases.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 9, 2025, and again on May 12 and 16, 2025.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice concurrently filed, the pleadings and records on file in this action, and on any other argument or evidence that may be presented in support of this Motion.

DATED: July 22, 2025     YU | MOHANDESI LLP

By   /s/ B. Ben Mohandesi
B. Ben Mohandesi
Attorneys for Defendant
Resurgent Capital Services LP

— 1 —

DEFENDANT RESURGENT CAPITAL SERVICES LP'S AMENDED NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) AND 28 U.S.C. § 1915(e)(2)(A)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Serial pro se litigant Artis-Ray Cash Jr. ("Plaintiff") has brought two fatally defective claims against Resurgent Capital Services LP ("Defendant") for alleged violation of (1) the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), and (2) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff bases both claims solely on his allegation that Defendant requested his credit report without a permissible purpose. However, as courts in this circuit have repeatedly held, "requesting a credit report with the intent to collect on a debt" – which Plaintiff admits Defendant did here – "is one of the permissible purposes under the FCRA." Jones v. Best Serv. Co., 700 Fed. Appx. 580, 581 (9th Cir. 2017). Thus, Plaintiff has failed to allege any cognizable violation of the FCRA, and by extension, the FDCPA.

Equally importantly, Plaintiff brought these meritless claims in bad faith, based on a false representation of poverty. Specifically, Plaintiff applied to this Court to proceed *in forma pauperis* (*See* ECF No. 2) without disclosing the income he had earned through prior litigation settlements. Plaintiff's deliberate concealment of his settlement income constitutes a separate, independent ground to dismiss this action. *See Roberts v. Beard*, 2019 WL 3532183, at *4 (S.D. Cal. Aug. 2, 2019) (dismissing claims of *pro se* defendant based on his failure to disclose a prior settlement of $3,000 on the application to proceed *in forma pauperis*).

Accordingly, because Plaintiff's claims fail as a matter of law – and further, because he deliberately misrepresented his financial status – Defendant respectfully requests that the Court dismiss his Complaint with prejudice.

## II. RELEVANT FACTS

### A. The Allegations of Plaintiff's Complaint

Plaintiff alleges that while reviewing his credit report in November 2024, he discovered an "unauthorized inquiry" from Defendant. Cmplt., ¶ 11. Plaintiff further

alleges that because he did not authorize this inquiry, "Defendant lacked a permissible purpose under the FCRA for obtaining Plaintiff's consumer report." Cmplt., ¶¶ 12-13. According to Plaintiff, Defendant's conduct violated both the FCRA and FDCPA. Cmplt., ¶¶ 32, 38. However, Plaintiff admits that Defendant pulled his consumer report while attempting to collect a debt from him. Cmplt., ¶¶ 37-38. This is the sum and substance of Plaintiff's Complaint.

### B. Plaintiff's Application to Proceed in Forma Pauperis

On December 2, 2024, Plaintiff applied to proceed *in forma pauperis* (ECF No. 2). In his application, Plaintiff declared under penalty of perjury that he had a monthly income of $2,100.00, and no income from any other source in the past twelve months. Plaintiff failed to disclose the settlement proceeds he received from his multiple prior FCRA cases.

Importantly, at least two other courts in the Central District have dismissed Plaintiff's claims on this precise basis. *See* Request for Judicial Notice ("RJN"), Exhs. A and B: *Cash v. Experian Information Solutions, Inc., et al.*, No. 8:25-cv-00165-JWH-ADSx, Order Granting Defendant's Motion to Dismiss, dated May 6, 2025 (ECF No. 29) (dismissing FCRA action with prejudice because "Cash deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees."); and *Cash v. Diverse Finding Associates*, No. 2:24-cv-10354-WLH-SHK, Order Re Motion to Dismiss, dated June 17, 2025 (ECF No. 39) ("[T]he Court finds that [Cash's] allegation of poverty was untrue and made in bad faith. Dismissal with prejudice is warranted under 28 U.S.C. § 1915(e)(2)(A).").

### III.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER THE FCRA OR FDCPA

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The legal standards governing Rule 12(c) and 12(b)(6) motions are "functionally identical," *Cafasso, U.S.*

*ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Thus, the standard articulated in *Twombly* and *Iqbal* applies equally to a motion for judgment on the pleadings. *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012).

To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Moreover, courts may disregard "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Here, Plaintiff's conclusory allegation that Defendant did not have a permissible purpose in pulling his credit report is belied by Plaintiff's own admission that Defendant was attempting to collect a debt from him. Given this admission, Plaintiff has "pled himself out" of his claims. *Salmas v. Portfolio Recovery Assocs., LLC*, No. SACV 13-0575-DOC, 2013 WL 6182614, at *3 (C.D. Cal. Nov. 25, 2013).

### A. **Plaintiff's FCRA Claim Fails As a Matter of Law**

In the Ninth Circuit, it is well established that "requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA." *Jones, supra,* 700 Fed. Appx. at 581. Thus, "[a] collection agency is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt." *Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970 at *3 (E.D. Cal. Apr. 23, 2012). "Where a permissible purpose for obtaining the credit information is demonstrated, then, as a matter of law, the information cannot have been obtained

under false pretenses." *Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757 at *5 (N.D. Cal. May 5, 2003) (granting motion to dismiss FCRA claim because "defendant obtained plaintiff's consumer report ... in connection with an effort to collect a debt.") (citations omitted).  Plaintiff's own allegation that Defendant attempted to collect a debt from him strongly supports the conclusion that Defendant was not required to secure Plaintiff's permission to access his credit report.

Courts have repeatedly dismissed cases with nearly identical facts to this case. For example, in *Jones*, the Ninth Circuit affirmed dismissal where the plaintiff "failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt." *Jones*, 700 Fed. Appx. at 581. Likewise, in *Salmas*, 2013 WL 6182614, at *3, the Central District reasoned that "by alleging that [defendant] obtained his consumer report and then attempted to collect a debt, [plaintiff] has pled himself out of his FCRA claim by including details contrary to his claim."  The Court dismissed Plaintiff's FCRA claim on this basis. *See also Rojas v. Cap. One Bank (USA) N.A.*, 2017 WL 7806584, at *4 (C.D. Cal. Aug. 14, 2017) (dismissing complaint where the plaintiff's "own allegations [in a prior pleading] indicated [defendant's] actions were permissible since Plaintiff alleged [defendant] operated as a debt collection agency").

Here, Plaintiff's FCRA claim is based on a single, conclusory allegation:  that Defendant obtained a copy of his credit report from Experian without Plaintiff's prior authorization and/or a permissible purpose.  Cmplt., ¶¶ 9-13 and Exh. A.  Yet Plaintiff also asserts that Defendant was attempting to collect a debt from him in alleged violation of the FDCPA.  Cmplt., ¶¶ 37-38.  Plaintiff's tacit admission that Defendant was attempting to collect a debt from him bars his FCRA claim.  As in *Jones*, *Salmas* and *Rojas*, Plaintiff has pled himself out of FCRA claim, and it should be dismissed with prejudice on this basis.

### B. Plaintiff's FDCPA Claim Fails As a Matter of Law

"Congress enacted the FDCPA to protect consumers from 'improper conduct'

and illegitimate collection practices 'without imposing unnecessary restrictions on ethical debt collectors.'" *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169-70 (9th Cir. 2006) (citation omitted). "There are four elements to an FDCPA cause of action: (1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o." *Wheeler v. Premiere Credit of North America, LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004))

Section § 1692e(10) provides in relevant part that a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Here, the only "false representation or deceptive mean" Plaintiff alleges is Defendant's "pulling [his] consumer credit report without a permissible purpose." Cmplt., ¶ 39. However, as discussed above, it is wholly permissible to pull a credit report in connection with debt collection.

Moreover, Plaintiff has failed to identify any other facts that would possibly support his FDCPA claim. *See Gomes v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 370542, at *5 (E.D. Cal. Feb. 3, 2012) (plaintiff's "vague and conclusory" reference to defendant's "false representations, deceptive means, and actions," in the absence of "specific facts regarding any improper debt collection efforts[,] ... fails to state a claim for violation of the FDCPA"); *Chyba v. Green Tree Servicing, LLC*, 586 Fed. Appx. 397, 398 (9th Cir. 2014) (dismissal of FDCPA claims was warranted where plaintiff "failed to allege facts sufficient to show ... that [defendant debt collector] used any false representation in connection with the collection of a debt").

Thus, Plaintiff's FDCPA should also be dismissed with prejudice.

///

///

## IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S ATTESTATION OF POVERTY IS UNTRUE

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). The in forma pauperis ("IFP") statute requires dismissal of a case if "at any time if the court determines that . . . the allegation of poverty is untrue…." 28 U.S.C. § 1915(e)(2)(A). *See also Roberts, supra*, 2019 WL 3532183, at *3. "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required." *Roberts*, 2019 WL 3532183, at *3 (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015)). Bad faith "'includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees.'" *Id.* at *3-4 (dismissing complaint with prejudice because the plaintiff concealed settlement proceeds) (quoting *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012)).

"[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; *i.e.*, where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, 2020 WL 2512383, at *3-4 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, 2020 WL 4350094 (E.D. Cal. July 29, 2020). *See also Vann*, 496 F. App'x at 115 ("dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain in forma pauperis status"). When determining if a plaintiff acted in bad faith, "a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation." *Vann*, 496 F. App'x at 115. *See also Roberts*, 2019 WL 3532183, at *4.

Here, as another Court in the Central District recently held, Plaintiff acted in bad faith when he "deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees." RJN, Exh. A.

### A. Plaintiff Concealed Prior Settlements on His IFP Application

Plaintiff is a serial litigant who has filed over 20 actions in the Central District – including more than a dozen cases in just the past eight months. *See* RJN, Exh. C. In at least two of these cases, Plaintiff entered settlement agreements within the twelve months prior to filing his IPF application in this case on December 2, 2024: one in *Cash v. Experian*, Case No. 2:23-cv-06688 (settled February 13, 2024), and another in *Cash v. Midland*, Case No. 2:23-cv-10126 (settled July 22, 2024). *See* RJN, Exhs. D and E.

But Plaintiff failed to disclose any settlement proceeds in his December 2, 2024 IFP application in this case (or in prior cases). *See* ECF No. 2. Question 2 of the IFP application asks, "Have you received, within the past twelve months, any money from any of the following sources?" and lists sources of money, including a catchall provision for "[a]ny other income (other than listed above)." *Id.* Plaintiff checked "no" for all sources. *Id.* And Plaintiff declared under penalty of perjury that the responses he made were true, correct and complete. *Id.* Thus, Plaintiff concealed crucial information that was necessary for the Court to make an accurate assessment of his eligibility for relief under the IFP statute.

### B. Plaintiff Acted in Bad Faith

Plaintiff's failure to disclose his prior settlements on his IFP application in this case was no innocent mistake, but part of a calculated litigation tactic. Plaintiff has repeatedly failed to disclose settlement proceeds he received in other IFP applications, and has twice received dismissals with prejudice for this same misconduct in other cases he filed. Moreover, Plaintiff's extensive history of prosecuting claims – with multiple cases filed in rapid succession – demonstrates a deliberate, bad faith strategy. *See Robert*s, 2019 WL 3532183, at *3 (rejecting the plaintiff's claim that omission of a settlement was an oversight based on the plaintiff's extensive litigation history and familiarity with the IFP process). As Judge Wesley L. Hsu recently found:

> Based on Plaintiff's failure to oppose this Motion, his failure to disclose relevant settlement agreements in the December 2, 2024, IFP application and repeated concealment of income in prior IFP applications, the Court finds that the allegation of poverty was untrue and made in bad faith. Dismissal with prejudice is warranted under 28 U.S.C. § 1915(e)(2)(A).

*See* RJN, Exh. B at pp. *3-4.

Here, the Court is confronted with nearly identical facts, and should make the same finding of bad faith, warranting dismissal with prejudice.

## V. CONCLUSION

Plaintiff's FCRA and FDCPA claims fail as a matter of law, and he deliberately concealed his prior settlement income on his IFP application in bad faith. Thus, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice under Fed. R. Civ. P. 12(c) and 28 U.S.C. § 1915(e)(2)(A).

**Certificate of Compliance Pursuant to L.R. 11-6.2**

The undersigned, counsel of record for Defendant, Resurgent Capital Services LP, certifies that this brief contains 2,491 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 22, 2025         **YU | MOHANDESI LLP**

By   */s/ B. Ben Mohandesi*
   B. Ben Mohandesi
   Attorneys for Defendant
   Resurgent Capital Services LP

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date executed below, a true and correct copy of the following:

- **DEFENDANT RESURGENT CAPITAL SERVICES LP'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c) AND 28 U.S.C. § 1915(e)(2)(A)**

was duly served upon the following party in the matter at the address indicated below:

| | CM/ECF | MAIL | E-MAIL |
|---|---|---|---|
| Artis-Ray Cash<br>453 South Spring Street, Suite 400<br>PMB 1211<br>Los Angeles CA 90013<br>Email: artiscashjr@yahoo.com<br>*Plaintiff Pro Se* | | | X |

DATED: July 23, 2025          By */s/ B. Ben Mohandesi*
                                 B. Ben Mohandesi

— 1 —
CERTIFICATE OF SERVICE