**Artis-Ray: Cash Jr.**
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

**Artis-Ray: Cash Jr.**

FILED
CLERK, U.S. DISTRICT COURT
8/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY_____RYO_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Artis-Ray: Cash Jr.**,<br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>**Resurgent Capital Services, L.P.**,<br>　　　　　　Defendant. | No.  **2:24-cv-10356-ODW-SK**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**[FRCP 12(c); L.R. 7-9, 7-10]** |

### TABLE OF AUTHORITIES

| Case / Statute | Actual Page(s) |
|---|---|
| *Bersaw v. Northland Group* | 3 |
| *Clark v. Capital Credit & Collection Servs.* | 4 |
| *Erickson v. Pardus* | 4 |
| *Haines v. Kerner* | 4 |
| *Heintz v. Jenkins* | 4 |
| *Spokeo v. Robins* | 3 |
| *TransUnion LLC v. Ramirez* | 3 |
| 15 U.S.C. § 1681 et seq. | 3 |
| 15 U.S.C. § 1681b(f) | 3 |
| 15 U.S.C. § 1692 et seq. | 4 |
| 15 U.S.C. § 1692g(b) | 3–4 |
| 15 U.S.C. § 1692e(10) | 4 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# I. INTRODUCTION

Defendant **Resurgent Capital Services, L.P.** accessed Plaintiff's consumer credit report without a permissible purpose under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and then failed to provide debt validation as required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., after the debt was disputed. This conduct constitutes statutory violations and has caused concrete harm. Defendant's Motion for Judgment on the Pleadings must be denied.

# II. LEGAL STANDARD

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.

# III. ARGUMENT

## A. Unauthorized Credit Pull Constitutes a Concrete Injury

Under the FCRA, a user of consumer reports must have a permissible purpose to obtain a report. 15 U.S.C. § 1681b(f). Here, Defendant has produced no signed agreement, no account initiated by Plaintiff, and no evidence of a legitimate credit transaction.

In *Spokeo v. Robins*, 578 U.S. 330 (2016), the Supreme Court held that a procedural violation of the FCRA, such as obtaining a report without lawful authority, causes a concrete injury sufficient for Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. ___ (2021), reaffirmed that dissemination of inaccurate or unverified information to third parties is inherently harmful.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant's unauthorized inquiry into Plaintiff's credit file created such harm.

The holding in *Bersaw v. Northland Group*, 2015 DNH 050, is directly applicable: where the defendant failed to prove the existence of a valid "account" justifying a permissible purpose, the court found liability under the FCRA. Defendant's failure to provide proof of ownership or assignment places it squarely within *Bersaw*'s reasoning.

**B. Defendant Violated the FDCPA by Failing to Validate the Debt**

The FDCPA, 15 U.S.C. § 1692g(b), requires that upon dispute of a debt, the collector must cease all collection activity—including credit reporting—until it provides verification.

Here, Defendant has never mailed:

**1.** A chain of title / assignment contracts proving it had standing to collect;

**2.** The original signed agreement establishing the alleged obligation;

**3.** An itemized accounting verifying the amount claimed.

Without these, continued collection activity is unlawful under § 1692g(b) and deceptive under § 1692e(10).

The Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291 (1995), confirmed that the FDCPA applies to attorneys and debt collectors engaged in litigation. The Ninth Circuit in *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006), held that continuing to collect a debt without validation violates § 1692g. Defendant's conduct fits squarely within these rulings.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**C. Defendant's Answer Confirms Key Facts Are Undisputed**

Defendant's Answer fails to provide factual support for any permissible purpose or to refute the lack of chain of title. Such omissions justify judgment for Plaintiff at the pleadings stage because there are no material facts in dispute on these critical points.

**D. Liberal Construction of Pro Se Pleadings**

As the Supreme Court held in *Haines v. Kerner*, 404 U.S. 519 (1972), and reaffirmed in *Erickson v. Pardus*, 551 U.S. 89 (2007), pro se pleadings must be liberally construed and held to less stringent standards than those drafted by attorneys. Plaintiff's allegations, taken as true, state valid claims under both the FCRA and FDCPA.

**IV. CONCLUSION**

Defendant accessed Plaintiff's credit report without a permissible purpose, failed to validate the alleged debt in compliance with § 1692g, and has admitted facts that eliminate any genuine dispute. The Motion for Judgment on the Pleadings should be denied in its entirety.

**Respectfully Submitted,**

**Dated:** August 13, 2025

**By: */s/ Artis Ray Cash Jr*

**Artis-Ray: Cash Jr.**, Pro Se

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**