O

# United States District Court
# Central District of California

| | |
|---|---|
| ARTIS-RAY CASH, JR., <br><br> Plaintiff, <br><br> v. <br><br> RESURGENT CAPITAL SERVICES, L.P., <br><br> Defendant. | Case № 2:24-cv-10356-ODW (SKx) <br><br> **ORDER GRANTING MOTION TO DISMISS [28] AND ORDERING PLAINTIFF TO SHOW CAUSE** |

## I.     INTRODUCTION

Plaintiff Artis-Ray Cash, Jr. brings this action against Defendant Resurgent Capital Services, L.P., for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. (Compl. ¶¶ 29–40, ECF No. 1.)  Resurgent now moves for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c), or in the alternative, dismissal under 28 U.S.C. § 1915(e)(2)(A).  (Am. Mot. J. Pleadings ("Motion" or "Mot."), ECF No. 28.)  Reaching only the latter basis for dismissal, the Court **GRANTS** Resurgent's Motion, **DISMISSES** this action **WITH PREJUDICE**, and **ORDERS** Cash to **SHOW CAUSE** why the Court should not

sanction him for his repeated misrepresentations to this and other courts in this District.[1]

## II. BACKGROUND

The Court will not summarize the factual background underlying this action as it is not relevant to resolve this Motion. Rather, the Court summarizes only the relevant procedural background. Furthermore, the Court takes judicial notice of Cash's litigation history in the Central District of California. *See* Fed. R. Evid. 201(b).

Since August 2023, Cash has filed twenty-five actions in this District. In 2024, Cash filed notices indicating he had settled three of these actions.[2] Cash received monetary payments from each of these settlements. Decl. Artis-Ray Cash, Jr. ISO Mot. Relief J., *Cash v. Experian Info. Sol., Inc.*, No. 8:25-cv-00165-JWH (ADSx) (C.D. Cal. May 9, 2025), ECF No. 32.

In late 2024 and early 2025—within a year of Cash filing the aforementioned settlement notices—Cash filed fifteen actions in this District, including this matter. In each case, Cash filed a request to proceed in forma pauperis ("IFP"), which, if granted, allows him to proceed with his litigation without paying filing fees. In this District, litigants seeking to proceed IFP must file, under penalty of perjury, a Form CV-60 Request to Proceed In Forma Pauperis. The form requires litigants to disclose all sources of income and all costs, so that the Court may determine if the litigant is indigent and exempt from paying filing fees. Form CV-60 includes the question: "Have you received, *within the past twelve months*, any money from any of the following sources?" The form lists potential income sources, such as "[b]usiness,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] *See* Notice Settlement, *Cash v. Experian*, No. 2:23-cv-06688-FMO (JCx) (C.D. Cal. Feb. 13, 2024), ECF No. 25; Notice Settlement, *Cash v. Midland Credit Mgmt., Inc.*, No. 2:23-cv-10126-HDV (SSCx) (C.D. Cal. July 22, 2024), ECF No. 33; Notice Settlement, *Cash v. Equifax Info. Servs., LLC*, No. 2:23-cv-10803-SB (ASx), (C.D. Cal. Sept. 10, 2024), ECF No. 43 (collectively, "**Settlement Notices**").

profession, or form of self-employment." There are also two catch-all sources, which give litigants the opportunity to declare if they have received "[a]ny other income (other than listed above)." If the litigant has received money from any source in the past twelve months, the litigant can check the corresponding box labeled "Yes." If not, the litigant can check the corresponding box labeled "No." In all fifteen of his IFP requests, including the one filed in this action, Cash checked "No" to every potential source of income. (*See, e.g.*, Req. Proceed In Forma Pauperis ("IFP Request"), ECF No. 2.) Thus, Cash represented to this Court that in the year prior to filing this action, his only source of income was his monthly salary of $2,150. (*Id.*) Cash did not disclose income he received from his settlement payments in his IFP request. (*Id.*) Based on Cash's representations, this Court—and twelve others—granted his IFP requests. (*See, e.g.*, Min. Order, ECF No. 9.)

Since December 2, 2024, the day Cash filed his IFP request in this case, at least four courts have dismissed Cash's actions for failing to disclose settlement income in his IFP requests.[3] In those cases, each court found that Cash had deliberately concealed those settlement payments. *See, e.g.*, *Experian Info. Sol.*, 2025 WL 2158252, at *1 ("[T]he Court likewise concludes that Cash deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees."). As of the date of this Order, Cash has not amended his IFP request nor disclosed any settlement income to this Court.

On July 23, 2025, Resurgent filed the instant Motion. Resurgent argues two independent bases for dismissal: (1) judgment on the pleadings under Rule 12(c), and (2) dismissal for Cash's failure to disclose settlement payments. (*See generally* Mot.) The Court ordered Cash to file an opposition by August 4, 2025. (Min. Order, ECF

---

[3] *See Cash v. Experian Info. Sol., Inc.*, No. 8:25-cv-00165-JWH (ADSx), 2025 WL 2158252 (C.D. Cal. May 6, 2025); *Cash v. Diverse Funding Assocs.*, No. 2:24-cv-10354-WLH (SHKx), 2025 WL 2158248 (C.D. Cal. June 17, 2025); Min. Order, *Cash v. TransUnion, LLC*, No. 2:25-cv-00961-RGK (ASx) (C.D. Cal. July 21, 2025), ECF No. 54; *Cash v. Radius Glob. Sols., LLC*, No. 2:25-cv-01481-DMG (JDEx), 2025 U.S. Dist. LEXIS 155935 (C.D. Cal. Aug. 12, 2025) (collectively, "**Dismissed Cases**").

No. 33.) However, Cash did not timely oppose. (*See* Opp'n, ECF No. 36 (filed August 13, 2025).) In his untimely opposition, Cash did not address Resurgent's arguments regarding Cash's failure to disclose his settlement payments. (*See generally id.*)

### III.     LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(A), a "court shall dismiss [a] case" after the court granted a plaintiff's IFP request "if the court determines that [plaintiff's] allegation of poverty is untrue." The Ninth Circuit has interpreted the statute to require a showing of bad faith. *Esobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015). The Second Circuit also requires bad faith and has found bad faith where there is "deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012). Several courts in this Circuit have similarly found bad faith where there is deliberate concealment of income. *See, e.g.*, *Roberts v. Beard*, No.: 15cv1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019) (citing *Vann*); *Experian Info. Sol.*, 2025 WL 2158252, at *1. If a court finds bad faith, "dismissal may be with prejudice." *Steshenko v. Gayrard*, No. 13-CV-03400-LHK, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015).

### IV.     DISCUSSION

Cash fails to address Resurgent's arguments made under 28 U.S.C. § 1915(e)(2)(A) regarding the misrepresentations he made on his IFP request. (*See generally* Opp'n.) This is enough reason to grant Resurgent's Motion. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."). However, Cash's concerning history of misrepresentations made before courts in this District warrants further consideration of this issue.

|   |   |
|---|---|
| 1 | As a threshold matter, the Court finds that Cash's IFP request filed in this matter |
| 2 | contains untrue "allegations of poverty." 28 U.S.C. § 1915(e)(2)(A). Cash has |
| 3 | admitted to multiple courts that he "earned income through prior settlements." *See,* |
| 4 | *e.g.*, *Experian Info. Sol.*, 2025 WL 2158252, at *1. Cash reached these settlements in |
| 5 | the year prior to filing his IFP request in this matter. *See generally* Settlement |
| 6 | Notices. However, in his IFP request in this case, Cash represented that he has not |
| 7 | "received, *within the past twelve months*, any money from any" source other than his |
| 8 | employment. (IFP Request (emphasis in original).) This was false. |
| 9 | Having found the information Cash provided in his IFP request was untrue, the |
| 10 | Court also finds that Cash acted in bad faith. *Esobedo*, 787 F.3d at 1234 n.8. |
| 11 | Cash is a prolific litigant who has significant experience in the Central District |
| 12 | of California, more than many attorneys that practice in this District. In the last three |
| 13 | years alone, Cash has filed twenty-five actions in this District. In every case, Cash |
| 14 | filed an IFP request. Thus, he is or should be well acquainted with the rules governing |
| 15 | IFP requests. |
| 16 | Moreover, multiple courts have reprimanded Cash for his failure to disclose all |
| 17 | his sources of income. In this District alone, at least four courts have dismissed |
| 18 | Cash's actions for failing to disclose his settlement payments in IFP requests. *See* |
| 19 | *generally* Dismissed Cases. Further, Cash's settlement income is not the only source |
| 20 | of income he failed to disclose in the past. One court noted that Cash, in several IFP |
| 21 | requests before courts in this District, failed to disclose "more than $5,000 in |
| 22 | unemployment benefits he had received." *See Radius Glob. Sols.*, 2025 U.S. Dist. |
| 23 | LEXIS 155935, at *4. One omission, in isolation, may be inadvertent, and therefore |
| 24 | not suggest bad faith. However, Cash's multiple misrepresentations of different and |
| 25 | material facts constitute a pattern of deliberate actions supporting an inference of bad |
| 26 | faith. |
| 27 | Perhaps most damning is that, despite the above history, Cash has made no |
| 28 | effort to correct his misrepresentations. On May 6, 2025, Judge Holcomb dismissed |

Cash's complaint for failure to disclose settlement income in his IFP request. *See Experian Info. Sol.*, 2025 WL 2158252, at *1. Since then, Cash has been on notice that his IFP requests, including the one filed in the instant case, are factually false because of his failure to disclose settlement income. And at least one court has noted that Cash's failure to amend his IFP requests constituted evidence of bad faith. *See Radius Glob. Sols.*, 2025 U.S. Dist. LEXIS 155935, at *4–5. Yet despite receiving notice and multiple court admonitions, Cash has not notified the Court of the material misrepresentations in his IFP Request in this case. Nor did Cash take the opportunity to clarify the record by responding to Resurgent's moving arguments raising Cash's misrepresentations. (*See generally* Opp'n.)

Considering Cash's litigation experience in this District, his pattern of misrepresentations, and his continuing failure to correct the record, the Court finds that Cash deliberately concealed his sources of income "to gain access to a court without prepayment of filing fees." *Vann*, 496 F. App'x at 115. Cash acted in bad faith, and such conduct requires dismissal. *Esobedo*, 787 F.3d at 1234 n.8; *see* 28 U.S.C. § 1915(e)(2)(A). Given Cash's pattern of misrepresentations, the Court also finds that dismissal must be with prejudice to deter future misconduct.

However, from his litigation history, it appears that dismissal alone may not be sufficient. The Court must consider other methods to deter Cash's misconduct, including potential monetary sanctions. Courts have "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Courts must make "[a] specific finding of bad faith" sanction under the court's inherent powers." *United States v. Stoneberger*, 805 F.2d 1391, 1393 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). Moreover, courts may impose sanctions under Rule 11. Under Rule 11, parties certify that their papers are "not being presented for any improper purpose" and that any factual contentions contained therein "have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3). If a court determines that a party has violated

Rule 11(b), the "court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). While courts have "discretion to take account of the special circumstances that often arise in pro se situations," Rule 11 applies "to anyone who signs a pleading, motion, or other paper." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. Thus, pro se litigants can be subject to Rule 11 sanctions. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996).

The Court has found that Cash acted in bad faith and submitted false representations to the Court. Accordingly, the Court **ORDERS** Cash to **SHOW CAUSE** why he should not be sanctioned $405.00—the filing fee in this District—under this Court's inherent power and for violating Rule 11(b)(1) and 11(b)(3).

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Resurgent's Motion to Dismiss.  (ECF No. 28.)  The Court **DISMISSES** this action and all claims therein **WITH PREJUDICE**.  All dates and deadlines in this action are **VACATED** and taken off calendar.

In light of Cash's bad faith misrepresentations to this Court, the Court also **ORDERS** Cash to appear **IN PERSON** on **DECEMBER 8, 2025,** at **1:30 p.m.** in Courtroom 5D, United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, to **SHOW CAUSE** why the Court should not sanction him **$405.00** for his bad faith misrepresentations to the Court.  Cash may, but is not required to, submit a supplemental brief supported by a sworn declaration no later than November 24, 2025. Failure to appear as directed will result in the imposition of the contemplated monetary sanction.

**IT IS SO ORDERED.**

October 20, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**