O

# United States District Court
# Central District of California

| | |
|---|---|
| ARTIS-RAY CASH, JR., | Case № 2:24-cv-10356-ODW (SKx) |
| Plaintiff, | |
| v. | **ORDER IMPOSING SANCTIONS** |
| RESURGENT CAPITAL SERVICES, L.P., | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff Artis-Ray Cash, Jr. brought this action against Defendant Resurgent Capital Services, L.P., for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. (Compl. ¶¶ 29–40, Dkt. No. 1.)  On October 20, 2025, the Court dismissed this case because of Cash's failure to disclose settlement payments on his initial in forma pauperis ("IFP") application.  (Order Grant Mot. Dismiss ("MTD Order"), Dkt. No. 39.)  The Court also ordered Cash to show cause why the Court should not sanction him for his repeated misrepresentations to this and other courts.  (*Id.* at 1–2.)  After considering Cash's response, (Resp., Dkt. No. 42), and holding a hearing on the issue, (Mins. OSC Hr'g, Dkt. No. 44), the Court **SANCTIONS** Cash in the amount of **$405.00**, to be paid to the Court.

## II. BACKGROUND

Since August 2023 to present, Cash has filed twenty-five actions in this District. In 2024, Cash filed notices indicating he had settled three of these actions.[1] Cash received monetary payments from each of these settlements. (*See, e.g.*, Decl. Artis-Ray Cash, Jr. ISO Resp. ("Cash Decl.") Ex. A ("2024 Settlement Agreement") ¶ 10, Dkt. No. 42.)

In late 2024 and early 2025—within a year of filing the aforementioned settlement notices—Cash filed fifteen actions in this District, including this matter. In each case, Cash filed an IFP request, which, if granted, allows him to proceed with his litigation without paying filing fees.

In this District, litigants seeking to proceed IFP must file, under penalty of perjury, a Form CV-60 Request to Proceed In Forma Pauperis. The form requires litigants to disclose all sources of income and all costs, so that the Court may determine whether the litigant is indigent and exempt from paying filing fees. Form CV-60 includes the question: "Have you received, *within the past twelve months*, any money from any of the following sources?" The form lists potential income sources, such as "[b]usiness, profession, or form of self-employment." It also includes two catch-all sources, which give litigants the opportunity to declare "[a]ny other income (other than listed above)." If the litigant has received money from any source in the past twelve months, the litigant can check the corresponding box labeled "Yes." If not, the litigant can check the corresponding box labeled "No."

In all fifteen of Cash's IFP requests, including the one filed in this action, Cash checked "No" to every potential source of income. (*See, e.g.*, Req. Proceed In Forma Pauperis ("IFP Request"), Dkt. No. 2.) Thus, Cash represented to this Court that, in

---

[1] *See* Notice Settlement, *Cash v. Experian*, No. 2:23-cv-06688-FMO (JCx) (C.D. Cal. Feb. 13, 2024), Dkt. No. 25; Notice Settlement, *Cash v. Midland Credit Mgmt., Inc.*, No. 2:23-cv-10126-HDV (SSCx) (C.D. Cal. July 22, 2024), Dkt. No. 33; Notice Settlement, *Cash v. Equifax Info. Servs., LLC*, No. 2:23-cv-10803-SB (ASx), (C.D. Cal. Sept. 10, 2024), Dkt. No. 43 (collectively, "**Settlement Notices**").

the year prior to filing this action, his only source of income was his monthly salary of $2,150. (*Id.*) Cash did not disclose in his IFP Request the income he received from his settlement payments. (*Id.*) Based on Cash's representations, this Court—and twelve others—granted his IFP requests. (*See, e.g.*, Min. Order, Dkt. No. 9.)

Since December 2, 2024, the day Cash filed his IFP Request in this case, at least four courts in the Central District have dismissed Cash's actions for failing to disclose settlement income in his IFP requests.[2] In those cases, each court found that Cash had deliberately concealed his settlement payments. *See, e.g.*, *Experian Info. Sol.*, 2025 WL 2158252, at *1 ("[T]he Court likewise concludes that Cash deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees.").

On July 21, 2025, Defendant Resurgent moved to dismiss Cash's complaint against it. (Mot. Dismiss ("Motion"), Dkt. No. 25.) Resurgent alerted the Court that other courts had dismissed Cash's claims for failure to include his settlement payments in his IFP applications. (*Id.* at 6–8.) Resurgent also asked the Court to dismiss Cash's claims under 28 U.S.C. § 1915(e)(2)(A), which requires a court to dismiss a case after granting a plaintiff's IFP request "if the court determines that [plaintiff's] allegation of poverty is untrue." (*Id.*)

Due to Cash's pattern of misrepresentations and his failure to amend his IFP Request in this matter, the Court dismissed this case. (*See generally* MTD Order.) The Court also ordered Cash to Show Cause why the Court should not impose monetary sanctions for his bad faith misrepresentations. (*Id.* at 8.) On November 24, 2025, Cash filed his response to the Court's OSC. (Resp.) On December 16, 2025,

---

[2] *See Cash v. Experian Info. Sol., Inc.*, No. 8:25-cv-00165-JWH (ADSx), 2025 WL 2158252 (C.D. Cal. May 6, 2025); *Cash v. Diverse Funding Assocs.*, No. 2:24-cv-10354-WLH (SHKx), 2025 WL 2158248 (C.D. Cal. June 17, 2025); Min. Order, *Cash v. TransUnion, LLC*, No. 2:25-cv-00961-RGK (ASx) (C.D. Cal. July 21, 2025), Dkt. No. 54; *Cash v. Radius Glob. Sols., LLC*, No. 2:25-cv-01481-DMG (JDEx), 2025 LX 352824 (C.D. Cal. Aug. 12, 2025) (collectively, "**Dismissed Cases**").

the Court held a hearing on the matter of sanctions and heard argument from Cash. (Mins. OSC Hr'g.)

### III. LEGAL STANDARD

Courts have "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). This inherent power extends to a full range of litigation abuse tactics, such as bad faith conduct or willful disobedience of a court's order. *Id.* Though this power must be exercised with restraint, courts have wide latitude in fashioning appropriate sanctions to fit the conduct. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980). However, courts must make "[a] specific finding of bad faith" before imposing a "sanction under the court's inherent powers." *United States v. Stoneberger*, 805 F.2d 1391, 1393 (1980) (quoting *Roadway Express*, 447 U.S. at 764).

Courts cannot "decline to impose any sanction, where a violation has arguable occurred, simply because plaintiff is proceeding pro se." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (emphasis omitted). However, courts may "properly consider [a] plaintiff's ability to pay monetary sanctions." *Id.*

### IV. DISCUSSION

Cash's bad faith behavior is not excused and warrants imposition of monetary sanctions.

#### A. Bad Faith

In its Order dismissing this case, the Court found that Cash acted in bad faith. (MTD Order 5.) The Court incorporates those findings here and focuses on Cash's attempts to rebut the finding of bad faith.

Cash argues that the "Court's concern about 'nondisclosure' must be viewed in context of a single, temporally-compact misunderstanding caused by confidentiality clauses." (Resp. 1–2.) He also argues that, upon learning of this "misunderstanding,"

1  he immediately began disclosing his settlement amounts, evincing lack of bad faith.
2  (*Id.* at 5.)

3        This argument is unpersuasive. His "misunderstanding" apparently stems from
4  his settlement agreements, one of which states that the settlements "shall remain
5  strictly confidential." (Resp. 2–3; 2024 Settlement Agreement.) According to Cash,
6  this led him to "reasonably believe" that he could not disclose the settlement amount.
7  (Resp. 3.) While Cash's settlement agreement does state that he "agrees to keep th[e]
8  Agreement confidential," this provision is clearly and immediately prefaced by the
9  exception: "[u]nless otherwise required by law or court order." (2024 Settlement
10 Agreement ¶ 10.) Thus, Cash's apparent belief that he could not reveal the settlement
11 amount in an application signed under penalty of perjury is unreasonable.

12       Even assuming that Cash initially genuinely misunderstood whether he could
13 disclose the amount for which he settled, this does not address why Cash failed to
14 later amend his IFP Request or inform the Court of his materially false application.
15 Cash states that his misunderstanding "persisted only until [the] first dismissal
16 explained it." (Resp. 2.) But at no point after Cash's first dismissal did Cash amend
17 his IFP Request or notify the Court of his false application. Indeed, in the two months
18 after Cash's first dismissal and before Resurgent's motion to dismiss, two other courts
19 dismissed Cash's complaints for failure to reveal settlement payments: Judge Hsu on
20 June 17, 2025, and Judge Klausner on July 21, 2025. *Diverse Funding Assocs.*,
21 2025 WL 2158248, at *1; Min. Order, *Cash v. TransUnion, LLC*, No. 2:25-cv-00961-
22 RGK (ASx) (C.D. Cal. July 21, 2025), Dkt. No. 54. By the time Resurgent filed its
23 Motion, Cash could—and should—have notified the Court that his IFP Request was
24 incorrect, especially considering his current claim that his misunderstanding "persisted
25 on until the first dismissal explained it." (Resp. 2.)

26       Finally, Cash could have corrected the record after Resurgent filed its July 2025
27 motion to dismiss but failed to do so. Cash was even explicitly told he had a duty to
28 amend his IFP request: in August 2025, Judge Gee admonished Cash for failing to

1  correct the record and noted that Cash's failure constituted evidence of bad faith.
2  *Radius Glob. Sols.*, 2025 LX 352824, at *4–5.  However, not only did Cash fail to
3  correct the record after Judge Gee's admonishment, but he also ignored Resurgent's
4  arguments regarding his failure to reveal his settlement payments in his opposition
5  papers.  (Opp'n Mot. Dismiss, Dkt. No. 29.)  Cash had many opportunities to correct
6  the record and had three courts telling him that his IFP requests were materially false.
7  His failure to correct the record constitutes bad faith and his excuses about
8  misunderstandings are unpersuasive.

### B. Monetary Sanctions

Sanctions are necessary to deter Cash's behavior.  Despite three other courts dismissing Cash's complaints for these misrepresentations, and despite Resurgent raising the misrepresentation here in its motion to dismiss, Cash did not attempt to correct the record in this case.  Considering that the dismissals in other cases did not deter Cash's misconduct, and also that the Court has already dismissed this case as required by statute, the Court finds there are no less drastic alternatives.  Monetary sanctions are necessary.

While courts generally do not impose monetary sanctions on in forma pauperis litigants, *see Klipper v. Cal. Dep't of Corrs.*, No. 5:12-cv-0196-GHK (PJWx), 2012 WL 1033008, at *2 (C.D. Cal. Mar. 1, 2012), they decline to do so because the plaintiff proceeding IFP generally cannot pay the sanctions, *see Hazeltine v. Tuolumne Cnty. Bd. of Supervisors*, No. 1:04-cv-06712 LJO JLT (PC), 2011 WL 39029, at *2 (E.D. Cal. Jan. 5, 2011) ("Because Plaintiff is proceeding [IFP] monetary sanctions are not a viable option.").  Here, however, this Court and others have found that Cash failed to disclose substantial settlement payments and unemployment benefits.  Thus, the rationale that generally cautions against imposing monetary sanctions on IFP litigants is not relevant here.  *See Warren*, 29 F.3d at 1390 (finding that a court may "properly consider plaintiff's ability to pay monetary sanctions").

For these reasons, pursuant to the Court's inherent authority, the Court imposes sanctions on Cash in the amount of **$405.00**. Not only does this sanction represent this District's filing fee, but it also represents the amount Cash should have paid in this and many other cases because he never should have filed these cases without paying a filing fee. With this monetary sanction, the Court admonishes Cash, and other similarly situated litigants, that proceeding IFP is a privilege, not a matter of right, *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), and that courts will hold litigants accountable for abusing this privilege.

## V.   CONCLUSION

For the reasons discussed above, the Court **SANCTIONS** Cash in the amount of **$405.00**, to be paid to the Court. Cash must remit payment by **FEBRUARY 20, 2026.** Failure to do so may result in contempt proceedings.

**IT IS SO ORDERED.**

January 20, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**